IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES NORWOOD,

                                OPINION and ORDER

            Plaintiff,

    v.                                   09-cv-738-bbc

MIKE THURMER, DON STRAHOTA
C.O. WOODS, C.O. TRITT, C.O. GORSKE,
C.O. KEYS, C.O. UMENTUM, CAPT. O'DONOVAN,
LT. BRAEMER, SGT. HILBERT, SGT. NAVIS,
C.O. RUSSELL and other JANE or JOHN DOES
in command center, SGT. LINN, DR. GARBLEMAN,
ANGELA KROLL, JAMES MUENCHOW,
SGT. ROBERTS, S. WIERENGA, DR. ANKARLO,
DR. GRISDALE, ISMAEL OZANNE
and TOM GOZINSKE,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Charles Norwood is a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin.  He has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any future suit he files during the period of his incarceration unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury.  In this case, plaintiff argues that he should not be required to prepay the $350 fee for filing this action because his complaint qualifies for the exception to the three strikes bar.  After 28 U.S.C. § 1915(g) to plaintiff's claims, I conclude that one of his claims meets the imminent danger requirement while

others do not. Therefore, I will give him a chance to choose whether (1) to proceed with his imminent danger claim, at which point that claim will be screened but his other claims will be dismissed without prejudice; or (2) pay the $350 filing fee and have the court screen all of his claims.

OPINION

28 U.S.C. § 1915(g) states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On three or more prior occasions, plaintiff has filed lawsuits in this court that were dismissed as legally frivolous of for failure to state a claim upon which relief may be granted. See Norwood v. Hamblin, 04-C-318-C, decided Nov. 24, 2004, Norwood v. Hamblin, 04-C-846-C, also decided Nov. 24, 2004; and Norwood v. Hamblin, 04-C-854-C, decided Dec. 2, 2004. Thus, he must prepay the filing fee for this lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury.

Plaintiff filed his 40-page complaint in December 2009, raising a litany of claims against more than 20 defendants. Although plaintiff states he is in imminent danger of serious physical harm, his allegations focus on events occurring in July and August 2009. In particular, he alleges that (1) defendant C.O. Beahm threatened to kill him on July 4,

2

2009; (2) numerous defendants are failing to protect him from acts of self-harm, as evidenced by incidents on August 18 and 23, 2009; (3) numerous defendants retaliated against him in various ways for making complaints, including giving him a false conduct report, moving him to a less desirable tier and yelling at him, and (4) some of his inmate complaints were improperly rejected.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the alleged threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice. The harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations.

Plaintiff's claims regarding retaliation and improper rejection of his complaints do not meet the imminent danger requirement. These claims concern past harms that do not place him in imminent danger of serious physical harm. Because these claims do not involve imminent danger, plaintiff cannot proceed on them without prepaying the $350 filing fee for this case.

With regard to plaintiff's claim that defendant C.O. Beahm threatened to kill him, it is unclear whether plaintiff can be said to be in "imminent danger" of a correctional officer for an alleged threat made five months before plaintiff filed the complaint. However, even if this claim met the imminent danger standard I would have to deny plaintiff leave to

3

proceed on this claim because he failed to exhaust his administrative remedies.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," Porter v. Nussle, 534 U.S. 516, 524 (2002). Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, *and at the time*, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). See also Woodford, 548 U.S. at 90 ("proper exhaustion demands compliance with an agency's deadlines").

The Wisconsin Administrative Code sets out the process for a prisoner to complete the grievance process. Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to reviewing authority, corrections complaint examiner and then department secretary). Along with his complaint, plaintiff provides copies of grievance materials for the many inmate complaints he filed regarding his present claims, and states that the only complaint he followed through all the way to the Department of Corrections secretary was a complaint regarding an August 2009

4

act of self-harm. His July 29, 2009 inmate complaint regarding defendant Beahm's threat was rejected by the inmate complaint examiner because it was untimely. Plaintiff appealed this decision to the warden, who affirmed the examiner, but plaintiff did not appeal to the corrections complaint examiner. Thus, plaintiff failed to exhaust his administrative remedies on his claim that defendant Beahm threatened him, so I will dismiss that claim without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

Finally, I turn to plaintiff's claim that numerous defendants are failing to protect him from acts of self-harm, as evidenced by incidents on August 18 and 23, 2009. Plaintiff states that on August 18 and 23, 2009, he was feeling suicidal and banged his head against the wall of his cell, repeatedly, injuring his head. On both occasions, prison staff did not come to his aid after he used his emergency call button to alert them to his suicidal feelings. Other prison staff who walked by the cell ignored or mocked plaintiff. These same conditions still exist; staff will not respond when plaintiff pushes the emergency call button, they do not take measures to uncover the camera in his cell when it is covered and they make rounds only rarely. Also, plaintiff states, "I can easily die [in segregation] if I'm to depend on staff who operate the medical call button. There is no telling when I'd feel like hurting myself or hanging myself with a sheet." Reading these allegations generously, as I must do in pro se cases, Haines v. Kerner, 404 U.S. 519, 521 (1972), I conclude that plaintiff's claim that defendants are *currently* failing to protect him from acts of self-harm meets the imminent danger standard. In doing so, I note that any claim for past harm plaintiff suffered in August 2009 does not meet the imminent danger standard. If plaintiff wishes to pursue a claim for

5

past harm, he will have to pay the $350 filing fee for this case.

It is this court's usual practice to move forward on imminent danger claims as quickly as possible by screening the complaint even before an initial partial payment has been made and, if the complaint survives screening, setting expedited briefing on preliminary injunctive relief. E.g., Norwood v. Strahota, 08-cv-446 (W.D. Wis. Aug. 11, 2008). On the other hand, in cases in which a plaintiff with three strikes brings no claims that allege imminent danger, ordinarily this court gives the plaintiff a short deadline within which he is to pay the full $350 filing fee or have the case closed. In this case, plaintiff brings one claim that qualifies for the imminent danger exception and others that do not. It is impractical to proceed quickly on the imminent danger claim while waiting for payment of the filing fee in order to screen his other claims under 28 U.S.C. § 1915A. Therefore, I will give plaintiff a choice: he can choose to (1) proceed with his claim that defendants are currently failing to protect him from acts of self harm, at which point I will screen that claim but dismiss his other claims without prejudice; or (2) pay the $350 filing fee and have the court screen all of his claims (other than his claim that defendant Beahm threatened him, which I will dismiss for plaintiff's failure to exhaust administrative remedies). Plaintiff will have until February 26, 2010, to make the choice. Should he fail to respond by the deadline, I will assume that he wishes to proceed on his imminent danger claim and I will dismiss his other claims.

ORDER

IT IS ORDERED that

1. Plaintiff Charles Norwood may have until February 26, 2010, to advise the court whether he wishes to (1) proceed with his claim that defendants are currently failing to protect him from acts of self harm, at which point I will screen that claim but dismiss his other claims without prejudice; or (2) pay the $350 filing fee and have the court screen all of his remaining claims. Should plaintiff fail to respond to this order by February 26, 2010, I will assume that he wishes to proceed on his imminent danger claim and I will dismiss his other claims. If he decides to pay the $350 filing fee, he may have until February 26, 2010, to submit a check or money order made payable to the clerk of court in the amount of $350.

2. Plaintiff's claim that defendant C.O. Beahm threatened him is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

Entered this 8th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge