IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES NORWOOD,

                 ORDER

       Plaintiff,

                 09-cv-738-bbc

   v.

MIKE THURMER, DON STRAHOTA, C.O. BEAHM,
C.O. WOODS, C.O. TRITT, C.O. GORSKE,
C.O. KEYS, C.O. UMENTUM, CAPT. O'DONOVAN,
LT. BRAEMER, SGT. HILBERT, SGT. NAVIS,
C.O. RUSSELL and other JANE or JOHN DOES
in command center, SGT. LINN, DR. GARBLEMAN,
ANGELA KROLL, JAMES MUENCHOW,
SGT. ROBERTS, S. WIERENGA, DR. ANKARLO,
DR. GRISDALE, ISMAEL OZANNE
and TOM GOZINSKE,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In an April 2, 2010 order, I allowed plaintiff Charles Norwood to proceed on a claim that various defendants are failing to protect him from self harm. Also in that order, I responded to (1) plaintiff's notice of interlocutory appeal of the court's February 8, 2010 order advising him that his claims for past harm do not qualify under the imminent danger exception to 28 U.S.C. § 1915(g) and (2) his subsequent motion to voluntarily dismiss that appeal. I denied plaintiff's motion to voluntarily dismiss the interlocutory appeal because I do not have the authority to act on it. He should direct his request to the court of appeals

rather than this court. However, in the event that plaintiff ultimately wishes to proceed with his interlocutory appeal, I will address two issues. First, I understand plaintiff to be asking for certification that he can take an interlocutory appeal under 28 U.S.C. §1292(b) from the February 8, 2010 order.

> 28 U.S.C. § 1292(b) states in relevant part,
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There is not a substantial ground for a difference of opinion on the question whether plaintiff has struck out under § 1915(g) or whether his claims for past harm would qualify under the imminent danger exception. Therefore, I will deny plaintiff's request for certification that he can take an interlocutory appeal from the February 8, 2010 order in this case.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for filing his notice of appeal. I will construe his notice of appeal as including a request to proceed in forma pauperis on appeal. However, I will deny that request because plaintiff has struck out under § 1915(g) and his appeal does not contain claims that qualify under the imminent danger exception. Therefore, he owes the $455 fee in this case immediately.

Plaintiff may delay payment of the $455 fee under one circumstance: if he files a

motion challenging the decision to deny his request for leave to proceed in forma pauperis in the court of appeals within thirty days of the date he receives this order. Fed. R. App. P. 24(a)(5). He must include with his motion an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of the issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If the court of appeals decides that plaintiff does not have three strikes, then the matter will be remanded to this court to determine whether plaintiff's appeal is taken in good faith. If the court of appeals determines that the district court was correct in finding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $455 filing fee will be due in full immediately.

Alternatively, plaintiff may renew his request to voluntarily dismiss his appeal by filing a motion with the court of appeals. Even in that event, plaintiff will still owe the $455 filing fee. Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.

ORDER

IT IS ORDERED that

1. Plaintiff Charles Norwood's motion for the court to certify that an interlocutory appeal may be taken from the February 8, 2010 order in these cases, dkt. #13 is DENIED.

3. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #13, is

3

DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g). The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 7th day of April, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge