IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES NORWOOD,

                                                                                ORDER

                  Plaintiff,

                                                             09-cv-738-bbc

     v.

MIKE THURMER, DON STRAHOTA, C.O. BEAHM,
C.O. WOODS, C.O. TRITT, C.O. GORSKE,
CAPT. O'DONOVAN, LT. BRAEMER,
DR. ANKARLO, C.O. RUSSELL and
other JANE or JOHN DOES in command center,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an April 2, 2010 order, I allowed plaintiff Charles Norwood to proceed on a claim that various defendants are failing to protect him from self harm, but dismissed his claims for past harm because he has struck out under 28 U.S.C. § 1915(g) and cannot proceed on these claims without paying the full filing fee. Because plaintiff's failure to protect claim contained allegations that he was in imminent danger of serious physical harm, I construed his complaint as including a request for preliminary injunctive relief and gave him until April 22, 2010 to file materials in support of that motion.

      Instead of filing materials in support of his preliminary injunction motion, plaintiff has a motion for reconsideration of the April 2, 2010 order. Also in that motion, plaintiff

1

indicates that preliminary injunctive relief is not necessary because he was moved out of the segregation unit where the alleged failure to protect was taking place. However, plaintiff later submitted a letter stating that he has been placed back into the segregation unit. Also, the letter elaborates on his motion for reconsideration.

With respect to plaintiff's motion for preliminary injunctive relief, it is understandable that plaintiff did not submit materials in support of his motion because he thought such relief was mooted by his transfer out of the segregation unit. With his transfer back into that unit, I will give him another chance to file these materials. As stated in the April 2, 2010 order and the court's procedures for obtaining a preliminary injunction (a copy of which plaintiff has already been given), plaintiff must file with the court and serve on defendants a brief supporting his claim, proposed findings of fact and any evidence he has to support his request for relief. He may have until July 6, 2010 to submit these documents. Defendants may have until July 20, 2010 to file a response.

As for plaintiff's motion for reconsideration of the April 2, 2010 order, plaintiff alleges that he has properly exhausted all of his claims, including ones that were dismissed. Plaintiff continues to misapprehend the court's previous rulings. Thus far, I have dismissed only one of plaintiff's claims for failure to exhaust administrative remedies—his claim that on July 4, 2009, defendant C.O. Beahm threatened to kill him. Plaintiff has not submitted any evidence suggesting that this ruling was erroneous.

The remainder of plaintiff's claims for past harm were dismissed because they did not

contain allegations that plaintiff was in imminent danger of serious physical harm. I did not dismiss them for failure to exhaust administrative remedies. Plaintiff does not raise any challenges to the ruling that his claims for past harm do not meet the imminent danger requirement, so I will deny his motion for reconsideration.

I note that plaintiff asks if he can proceed on his claims for past harm by submitting partial payment of the filing fee. Unfortunately, because plaintiff has struck out under 28 U.S.C. § 1915(g), he cannot proceed on any of his claims for past harm unless he pays the entire $350 filing fee.

Finally, plaintiff seems to be concerned that because he has not been allowed to proceed on his claims for past harm, he will not be able to use evidence of what has happened in the past to prove his imminent danger failure to protect claim. Plaintiff is mistaken in this belief; he is free to use evidence of past events to prove that defendants currently are failing to protect him from acts of self harm.

ORDER

IT IS ORDERED that

1. Plaintiff Charles Norwood's motion for reconsideration of the court's April 2, 2010 order, dkt. #21, is DENIED.

2. Plaintiff may have until July 6, 2010, in which to file a brief, proposed findings of fact and evidentiary materials in support of his motion for a preliminary injunction.

Defendants may have until July 20, 2010 to file a response.

Entered this 14th day of June, 2010.

                                                BY THE COURT:
/s/
BARBARA B. CRABB
District Judge